LEONARD HALL *vs.* WILLINGTON KENT & another.

penalty for a violation of a legal by-law of a town against obstructing its streets, although payable into the town treasury, may be recovered, under the Rev. Sts. *c.* 15, § 13, by complaint before a justice of the peace residing in the town, notwithstanding the *St.* of 1847, *c.* 166.

ACTION OF TORT against a justice of the peace and a constable of the town of Pawtucket for false imprisonment. The case was submitted to the decision of the court upon the following facts:

The plaintiff is an inhabitant of Attleborough, and was arrested by the constable upon a warrant issued by the justice for incumbering a street in Pawtucket with stones, lumber and dirt, in violation of a by-law of the town; was brought before the justice, tried, found guilty, and sentenced to pay a fine and costs, and in default thereof committed to jail. The by-laws of Pawtucket (which were approved by the court of common pleas in 1849) provided that all penalties recovered for violations of them, after paying the expenses of prosecution, should be paid into the town treasury. The defendants are both inhabitants of Pawtucket, and there are other justices of the peace in the county of Bristol.

*B. Sanford,* for the plaintiff. If the defendant Kent had no jurisdiction to try the plaintiff, both he and the officer are liable in this action. *Piper* v. *Pearson,* 2 Gray, 122, & cases cited. *Clarke* v. *May,* 2 Gray, 410. Kent had no such jurisdiction, because he was an inhabitant of Pawtucket and the penalty imposed was by the by-laws of the town to be paid into the town treasury. The penalty imposed might have been recovered before any justice of the peace of the county of Bristol. *St.* 1847, *c.* 166. This by-law was not made " for directing and managing the prudential affairs of the town," under the Rev. Sts. *c.* 15, § 13, but " to preserve the good order and internal police " of the town, under the *St.* of 1847, *c.* 166.

Under *St.* 1796, *c.* 89, giving one half of the penalty imposed by *St.* 1791, *c.* 58, § 13, for violation of the law for the proper

observance of the Lord's day, to the town in which the offence was committed, to be recovered "by complaint before a justice of the peace," it was held that a justice of the peace resident in a town where such an offence was committed had no jurisdiction thereof, by reason of his interest. *Pearce* v. *Atwood*, 13 Mass. 329. See also *Hesketh* v. *Braddock*, 3 Bur. 1847 ; *Hawkes* v. *County of Kennebeck*, 7 Mass. 461 ; *Gifford* v. *White*, 10 Cush. 494 ; Rev. Sts. *c.* 58, § 8; *Sts.* 1839, *c.* 135 ; 1846, *c.* 95, § 15.

*C. I. Reed*, (*W. W. Blodgett* with him,) for the defendants.

BY THE COURT. These by-laws were made by the town in conformity with the Rev. Sts. *c.* 15, § 13, which expressly give jurisdiction to " any justice of the peace of the town." That provision is not superseded by the *St.* of 1847, *c.* 166. *Commonwealth* v. *Turner*, 1 Cush. 495. The justice in this case therefore had jurisdiction of the complaint against the plaintiff.

*Judgment for the defendants.*